IN THE MATTER OF THE APPLICATION OF PHILIP S. BIGLIN, RESPONDENT, v. THE FRIENDSHIP ASSOCIATION, TO COMPEL IT TO ISSUE TO HIM A NEW CERTIFICATE OF STOCK, ETC., APPELLANT.

*Order directing the issue of stock certificates to replace others lost or destroyed — the loss or destruction and ownership must be proved — 1873, chap. 151.*

To confer upon the court jurisdiction to make an order in a proceeding instituted under chapter 151 of 1873, requiring a corporation to issue and deliver new certificates of stock to replace certificates which have been lost or destroyed, it must be proved that the petitioner is the owner of the shares, and that such shares have been lost or destroyed and cannot, after due diligence, be found.

Where it appears that the shares which the petitioner claims to own were issued to two persons named therein as trustees, and that a portion of the said shares are in the possession of the petitioner unindorsed; and that the other shares were held by the persons named as trustees, who declined to give up the same because the beneficiaries refused to consent to their surrendering them to the person from whom the petitioner's title was acquired, the application should be denied.

APPEAL from an order directing the Friendship Association to issue to the petitioner seventy-six shares of its stock in place of other shares lost or destroyed.

*C. W. West* and *Elliott Sandford* for the appellant.

*Charles Blandy* for the respondent.

DANIELS, J. :

The proceeding has been taken and carried on under chapter 151 of the Laws of 1873. This act has secured to the owner, or his legal representatives, of shares of corporate stocks, the right to apply to this court by petition for an order directing the issuing of certificates of stock to the applicant, in place of other certificates lost or destroyed. To maintain the proceedings under the act, the facts are required to be established, that the applicant is the owner of the shares and that they have been lost or destroyed. And upon the hearing and the consideration of the proofs taken, if the court "shall be satisfied that such petitioner is the lawful owner of the number of shares of the capital stock, or any part thereof, described in said petition, and that the certificate therefor has been lost or destroyed, and cannot after due diligence be found, and that no sufficient cause has been shown why a new certificate should not be issued in place thereof, it shall make an order requiring said corporation, or other party, within such time as shall be therein designated, to issue and deliver to such petitioner a new certificate for the number of shares of the capital stock of said corporation, which shall be specified in said order, as owned by said petitioner, and the certificate for which shall have been lost or destroyed."

The residue of this section prescribes the terms on which the order may be made. But to bring the case within the statute the two facts must be maintained, that the petitioner is the owner of the shares, and that such shares have been lost or destroyed and cannot after due diligence be found. These are the jurisdictional facts upon which the court is to act, and without proof of such facts it has no authority to make the direction mentioned in the statute.

The controversy in the present instance is concerning the facts themselves. To establish the right of the petitioner, proof was given of the prosecution and determination of an action in the Superior Court of the city of New York, brought by Philip S. Biglow against Michael J. Murray, as president of the Friendship Boat Club. In the complaint in that action it was alleged that the boat club was the owner of seventy-seven shares of stock in the

Friendship Association, and the answer in the action admitted the truth of this allegation and the fact was accordingly found as it was alleged in the complaint. A receiver was appointed in the action, who, under the authority of the court, sold the property of the boat club, including these shares of stock, to the petitioner, and under the sale he obtained the possession of twenty-six shares which he had and retained at the time when these proceedings were taken. These shares, as well as the others, stood in the names of M. J. Murray and P. Birmingham as trustees, and no indorsement was made upon the twenty-six shares authorizing the petitioner to transfer them on the books of the corporation and obtain new certificates in their place. The other shares, alleged to be fifty-one in number, but proven to be no more than fifty, were not in the possession of the receiver and were not delivered over to the petitioner at or after the time of the sale. The fact that he had possession of the twenty-six shares was conclusive evidence that they had neither been lost nor destroyed. As to them the evidence presented at least a decided probability that they were owned by the boat club at the time when the receiver's sale took place, and that the petitioner acquired the title to them under the sale. But that did not authorize him to maintain this proceeding for new certificates of stock in their place, under this statute, which has only provided for such a proceeding when the shares have been lost or destroyed or cannot after due diligence be found. The remedy of the petitioner for the transfer of other shares in place of the twenty-six so acquired by him is not under this statute but by means of other legal proceedings.

The fifty shares it is stated in the affidavit of Albert H. Bultman, who was president of the Friendship Association, were issued on or or about the 1st of December, 1880, and included in one certificate. These shares are stated by this affiant to have been issued to Murray and Birmingham as trustees for persons named in the affidavit who were members of the boat club, and that the trustees had declined to surrender the certificate for these shares to the club on its request, because of the refusal of those persons to consent to that surrender. Mr. Birmingham, who is one of these persons, and is also named in the petition, to whom the shares were issued, made an affidavit which is a part of the proceeding, confirming the statements contained in the affidavit of Albert H. Bultman, and he has further added in

positive language that these shares were neither lost nor destroyed, but were still in his possession at the date of his affidavit, which is the 19th of July, 1887. Murray, by the affidavit which he has made, confirms the same statements. But his affidavit is not entitled to the same weight or effect in view of the admission contained in his answer, that the shares were the property of the club. But, added to these affidavits, is a further affidavit made by Thomas Gallagher, James J. Fitzsummons, Thomas F. Murray and William H. Eagan, four of the persons stated by Bultman to be the individuals for whose benefit the fifty shares of stock were issued, and they confirm the statements made concerning these shares by Michael J. Murray and Philip Birmingham, and the statement that the shares were not lost or destroyed, but remained in the hands of the trustees for the benefit of themselves and the other beneficiaries. The evidence supplied by these affidavits was in no manner overcome by any other proofs in the proceedings. Neither of the persons except Michael J. Murray, who made one of the affidavits, for whose benefit the fifty shares were held, was a party to the action in the Superior Court. They did not derive their right to these shares under Michael J. Murray, who, as president of the club, was sole defendant in that action. But their title or right to the shares antedated the commencement of that action by a period of upwards of four years. It accordingly was not affected by the judgments. And while it was against Michael J. Murray as president of the club, the suit was not brought against him in his capacity of a trustee for the persons for whom these shares were held by himself and Philip Birmingham. As to all the beneficiaries, therefore, except Murray, the action in the Superior Court was between different and distinct persons from these beneficiaries, and could have no effect in the way of determining their title to these shares. And as the proof in this proceeding established the fact that the boat club had no interest in the fifty shares, the receiver appointed in the action acquired no right to sell them, and the petitioner obtained no title to these shares under the sale.

The fact that the petitioner was the owner of the shares, as it was alleged he was in his petition, was not only not proven, but it was disapproved by the evidence given on behalf of the association, and so likewise was the allegation of the loss or destruction of the shares.

It was proven that they were not lost, but were held by and in the possession of Philip Birmingham, one of the trustees.

Indeed, the order which was finally made in the proceeding does not state the fact that the shares had been lost or destroyed, but the statement is that "they have been lost or destroyed as to the applicant Philip S. Biglin, and that they cannot after due diligence be found in contemplation of law." This was not such a finding as the statute has made necessary to comply with its provisions, and to justify an order for the issuing of a new certificate for the shares. In neither of the essential respects upon which the proceeding has been made to depend by the statute, was the petitioner's case made out, and the order for that reason should be reversed, and the application denied with ten dollars costs and the disbursements of the appeal.

VAN BRUNT, P. J., and BRADY, J., concurred.

Order reversed, and motion denied with ten dollars costs and disbursements.